UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONELL A WILLIAMS,

    Plaintiff,

    v.

MALENG REGIONAL JUSTICE CENTER, et al.,

    Defendants.

Case No. C18-1256-JCC-MAT

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Plaintiff is a county prisoner who is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. On October 4, 2018, the Court issued an order declining to serve and granting plaintiff leave to amend by November 5, 2018. Dkt. 8. The Court notified plaintiff that failure to file an amended complaint could result in dismissal of this action for failure to state a claim upon which relief may be granted. *Id.* at 3-4. To date, plaintiff has not filed an amended complaint. Accordingly, the Court recommends that this action be DISMISSED for failure to state a claim upon which relief may be granted. The Court further recommends that the dismissal be without prejudice because the primary deficiency—failure to demand the relief sought—could be cured.

REPORT AND RECOMMENDATION - 1

## II. BACKGROUND

On February 23, 2018, plaintiff was a pretrial detainee at the Maleng Regional Justice Center ("RJC") in Kent, Washington. Dkt. 5-1. He alleges facts sufficient to allege that Corrections Officers Conrad, Divina, and Neher used excessive force against him. *Id.* at 3-4. He also names the RJC and King County Office of Risk Management Services as defendants. *Id.* at 1. Plaintiff does not state the relief he seeks through this lawsuit.

## III. DISCUSSION

A. <u>Legal standards</u>

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d

1103, 1106 (9th Cir. 1995).

To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-94 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

B.    Deficiencies in plaintiff's complaint

As noted above, plaintiff sufficiently alleges Officers Conrad, Divina, and Neher used excessive force against him. However, plaintiff's complaint is deficient in two ways, one of which prevents service of the excessive force claims.

First, the RJC and Office of Risk Management Services are entities of King County and, as such, are not proper defendants in this action. *See Nolan v. Snohomish Cnty.*, 59 Wn. App. 876, 883, 802 P.2d 792, 796 (Wash. Ct. App. 1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued."). As discussed above, a plaintiff may sue a municipality or local government unit, like King County, under § 1983; however, the

plaintiff must identify a municipal or county "policy" or "custom" that caused his or her injury. *Brown*, 520 U.S. at 403. Plaintiff fails to identify any King County "policy" or "custom" that caused him injury.

Second, and more importantly, plaintiff's complaint fails to set forth the relief he seeks through this lawsuit. Federal Rule of Civil Procedure 8(a) states in relevant part: "A pleading that states a claim for relief *must* contain . . . a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(3) (emphasis added). Because plaintiff's complaint does not include the relief sought, he fails to state a claim upon which relief may be granted.

## IV.   CONCLUSION

The Court recommends that plaintiff's complaint and this action be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 7, 2018**.

Dated this 15th day of November, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4